PER CURIAM.
Julio C. Martinez appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
In his motion, Martinez raised three grounds for relief. The trial court denied the motion without an evidentiary hearing and attached portions of the files and record to its order. These attachments conclusively refute two of the allegations. The remaining allegation is that the trial court accepted Martinez’s guilty plea notwithstanding that Martinez told the trial court at his change of plea hearing that he did not know why he was pleading guilty because he did not commit the crimes. If this allegation is true, then Martinez may be entitled to relief. None of the record attachments, which do not include a transcript of the plea hearing, conclusively refute this allegation.
Accordingly, we reverse that part of the order denying this allegation in Martinez’s motion and remand the case to the trial court. On remand, unless the case files and records conclusively show that Martinez is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Martinez’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
RYDER, A.C.J., and FRANK and ALTENBERND, JJ., concur.